# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73252-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CRYSTAL ANASTASIA HUNTER, | ) | |
| Appellant, | ) | |
| TOMPALL ROSS LORAH-HEGGEN, | ) | |
| AND EACH OF THEM, | ) | |
| | ) | FILED: June 20, 2016 |
| Defendant. | ) | |

TRICKEY, J. — Crystal Hunter appeals her conviction of taking a motor vehicle without permission in the second degree. Hunter contends that the trial court improperly denied her motion for a mistrial after a police officer testified at trial that Hunter had an unrelated warrant at the time of this incident. The trial court properly exercised its discretion when it denied Hunter's motion. We affirm.

## FACTS

Early in the morning on June 25, 2013, Jesus Arreola Ochoa awoke to the sound of his car being started. The car, a 1992 black Honda Accord, was parked outside of Ochoa's house. Ochoa had not given anyone permission to take his car. Upon hearing the noise, Ochoa ran outside and saw his car being driven away. He returned inside and called the police.

A few weeks later, on the night of July 14, 2013, an officer with the King County Sheriff's Office was on patrol in White Center when he saw a dark-colored Honda traveling at a high rate of speed. The car did not have any

taillights or brake lights. The officer stopped the car and came into contact with a male driver and a female passenger who was later identified as Hunter. The officer asked the driver for his license, registration, and proof of insurance. The driver did not have any of the requested paperwork. The officer then asked the driver to turn the car off. The driver reached down to the floor of the car, retrieved a screwdriver, inserted it into the ignition, manipulated the rods, and complied with the officer's request.

Soon after, the police dispatcher notified the officer that the car had been reported stolen. The registered owner of the car was Ochoa. Additional officers arrived, and they detained both the driver and Hunter. On further inspection of the car, the officers noticed several hand tools lying on the passenger-side floorboard, heavy damage to the steering column, exposed wiring, and a missing ignition cylinder.

Based on these events, the State charged Hunter with one count of taking a motor vehicle without permission in the second degree. Before trial, Hunter moved in limine to exclude evidence of prior bad acts under ER 404(b) and prior convictions under ER 609. The State indicated that it did not intend to offer such evidence absent testimony from Hunter. The case proceeded to a jury trial.

During the State's case in chief, a deputy police officer testified that Hunter had an "unrelated warrant" out of Renton at the time of the traffic stop. Specifically, when testifying about his encounter with Hunter, the following exchange occurred:

> [Prosecutor]: And, so in—once you had contact with the defendant, what did you do after that?

[Deputy]: Um, after I had contacted [sic] with her? I tried to confirm a- a unrelated warrant she had, out of Renton.

[Defense attorney]: I would object.

[Court]: Sustained.[1]

After the State rested, Hunter moved to strike the deputy's testimony about her unrelated warrant. The trial court granted this motion. Hunter also proposed a limiting instruction, instructing the jury to disregard the testimony. The court agreed to give Hunter's proposed limiting instruction. Finally, Hunter moved for a mistrial based on witness misconduct. The court denied this motion on the basis that there was no misconduct and the officer's statement was inadvertent.

At the close of the case, the court instructed the jury. The court's instructions included Hunter's proposed limiting instruction. The jury found Hunter guilty as charged.

Hunter appeals.

## ANALYSIS

Hunter's sole challenge on appeal is to the trial court's denial of her motion for a mistrial. She contends that the trial court abused its discretion when it denied this motion, because the deputy's statement deprived her of her right to a fair trial. We disagree.

"A trial court has broad discretion to rule on irregularities during the course of a trial." State v. Wade, 186 Wn. App. 749, 773, 346 P.3d 838, review denied, 184 Wn.2d 1004, 357 P.3d 665 (2015). The trial court is in the best position to

---

[1] Report of Proceedings (RP) (Feb. 4, 2015) at 79-80.

3

determine whether the irregularity caused prejudice. Wade, 186 Wn. App. at 773. The court should grant the mistrial "'only when the defendant has been so prejudiced that nothing short of a new trial can insure that the defendant will be fairly tried.'" Wade, 186 Wn. App. at 773 (quoting State v. Kwan Fai Mak, 105 Wn.2d 692, 701, 718 P.2d 407 (1986)).

We review the trial court's denial of a motion for a mistrial for abuse of discretion. State v. Emery, 174 Wn.2d 741, 765, 278 P.3d 653 (2012). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. Wade, 186 Wn. App. at 773.

To determine whether a trial irregularity warrants a new trial, we examine (1) the seriousness of the irregularity, (2) whether it involved cumulative evidence, and (3) whether the trial court properly instructed the jury to disregard it. Emery, 174 Wn.2d at 765. Denial of a mistrial should be overturned only when there is a "'substantial likelihood'" that the error affected the jury's verdict. State v. Rodriguez, 146 Wn.2d 260, 269-70, 45 P.3d 541 (2002) (internal quotation marks omitted) (quoting State v. Russell, 125 Wn.2d 24, 85, 882 P.2d 747 (1994)).

Here, the irregularity is the statement by the deputy that Hunter had an "unrelated warrant" at the time of the traffic stop. This testimony was not cumulative with any other evidence admitted at trial. The fact that this statement was made by a police officer, a professional witness, suggests that the irregularity was serious. State v. Gamble, 168 Wn.2d 161, 178, 225 P.3d 973

(2010). As does the fact that the statement violated the court's pretrial ruling excluding evidence of Hunter's prior bad acts. Gamble, 168 Wn.2d at 178.

However, an unintentional introduction of inadmissible testimony is less serious than an intentional one. Gamble, 168 Wn.2d at 178. In this case, the deputy's testimony was inadvertent. Further, the statement was not a direct reference to a prior conviction or crime. Rather, the deputy's statement was ambiguous and fleeting. It did not indicate that Hunter had the propensity to commit the charged crime. See State v. Condon, 72 Wn. App. 638, 649, 865 P.2d 521 (1993). Nor was it likely to make a significant impression on the jurors. The seriousness of the statement is minimized by these factors and by the other evidence presented at trial.

Moreover, the trial court instructed the jury to disregard this testimony. The court's curative instruction stated:

> Testimony occurred at trial that suggested the defendant may have had an outstanding warrant at the time she was arrested. The testimony was objected to and has now been stricken. There is no evidence in this case the defendant may have had any warrant. The jury shall disregard anything that was said on the subject and shall not consider it in deciding this case.[2]

Juries are presumed to follow the court's instructions. State v. Kirkman, 159 Wn.2d 918, 928, 155 P.3d 125 (2007). As a result, there is not a substantial likelihood that the deputy's statement affected the jury's verdict.

For these reasons, we conclude that the deputy's statement was not so serious as to warrant a mistrial. The court's curative instruction was sufficient to

---

2 Clerk's Papers (CP) at 31.

5

alleviate any prejudice that may have resulted. The trial court did not abuse its discretion.

Hunter relies on State v. Escalona, 49 Wn. App. 251, 742 P.2d 190 (1987), to argue that the irregularity could not be cured. In that case, the State charged Escalona with second-degree assault with a deadly weapon—a knife. 49 Wn. App. at 252. At trial, the victim stated that he was afraid because Escalona "'has a record and had stabbed someone.'" 49 Wn. App. at 253. The trial court denied Escalona's motion for a mistrial and instructed the jury to disregard the testimony. 49 Wn. App. at 253. On appeal, this court concluded that the trial court abused its discretion in denying Escalona's mistrial motion, because the irregularity was "extremely serious" given the paucity of credible evidence, the testimony was not cumulative, and the irregularity could not be cured by the instruction. 49 Wn. App. at 255-56. We reasoned:

> [D]espite the court's admonition, it would be extremely difficult, if not impossible, in this close case for the jury to ignore this seemingly relevant fact. Furthermore, the jury undoubtedly would use it for its most improper purpose, that is, to conclude that Escalona acted on this occasion in conformity with the assaultive character he demonstrated in the past.

49 Wn. App. at 256.

Escalona is distinguishable from the present case. There, the victim's testimony indicated that Escalona had committed a crime similar to the one for which he was on trial. Thus, the statement was extremely prejudicial, because it was likely that the jurors would conclude that Escalona had a propensity for committing that type of crime. Here, in contrast, the deputy did not indicate that Hunter had a propensity to take motor vehicles without permission or that she

6

had ever been convicted of a similar crime. Further, unlike in <u>Escalona</u>, the witness's testimony did not constitute the State's entire case against Hunter. Here, any prejudice resulting from the vague reference to the "unrelated warrant" was cured by the court's instruction to disregard the testimony.

We affirm the judgment and sentence.

Trickey, ACJ

WE CONCUR:

Spearman, J.